UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARMAN GIRARD CRESCENZO, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 4:CV-05-2117 |
| DETECTIVE WOLBERT, | : (Judge McClure) |
| Defendant | : |

## MEMORANDUM AND ORDER

October 26, 2005

**Background**

      Carman Girard Crescenzo ("Plaintiff"), an inmate confined at the Monroe County Correctional Facility, Stroudsburg, Pennsylvania, initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983. The complaint is accompanied by an in forma pauperis application. Named as sole Defendant is Detective Richard Wolbert of the Stroudsburg Police Department. For the reasons outlined below, the instant complaint will be dismissed as frivolous pursuant to § 1915(e)(2)(B)(i).

Plaintiff describes himself as being bipolar and entitled to protection under the Americans with Disabilities Act ("ADA").[1]  See Record document no. 1, ¶ V.  His complaint indicates that on or about February 22, 1999, Detective Wolbert conducted a search of his residence and seized videotapes, undeveloped film and numerous pictures.  See id. at ¶ IV.  Crescenzo states that he was not given a receipt for the items which were taken.  His complaint adds that "these were not illegal but were used to defame my character & reputation in front of newspaper + magistrate's office."  Id.  He contends that as a result of the introduction of these "fetish tapes (private)" his criminal case was greatly prejudiced and his life was ruined.  Id.

Plaintiff also indicates that Detective Wolbert did not advise him of his Miranda[2] rights and unfairly and improperly labeled him as having a mental problem during his preliminary hearing.  As relief, Plaintiff seeks maximum restitution for the alleged unconstitutional conduct of Detective Wolbert.  He adds that the Defendant should be criminally prosecuted for his actions.

**Discussion**

---

1. However, it is noted that Plaintiff's present action does not assert a claim under the ADA.

2. Miranda v. Arizona, 384 U.S. 436 (1966).

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[3]  The Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an

---

[3].   Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

3

indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1734 (1992).

It is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). As detailed above, all of the Plaintiff's present allegations are unquestionably attacking the legality of his present incarceration which stems from a Pennsylvania state criminal prosecution. Consequently, under Preiser, Crescenzo may not challenge the legality of his Monroe County prosecution/conviction via a § 1983 complaint. Furthermore, this Court also cannot compel Pennsylvania state officials to initiate criminal charges against the Defendant.

With respect to Plaintiff's request for monetary damages for alleged violation of his civil rights, the threshold question is whether Crescenzo's action can be maintained in light of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make

4

such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

In the present case, Plaintiff clearly indicates that purported conduct by Detective Wolbert which led to his ongoing incarceration was unlawful. It is additionally noted that Crescenzo raised similar claims in a prior unsuccessful § 1983 action before this Court.  See Crescenzo v. Wolbert, Civil No. 3:CV-01-1391.  By Memorandum and Order dated September 27, 2001, those claims were dismissed without prejudice under Heck.

Pursuant to the standards announced in Heck, Plaintiff cannot maintain a cause of action for unlawful imprisonment until the basis for that imprisonment is rendered invalid.  Furthermore, based on the nature of Crescenzo's allegations, a finding in his favor would imply the invalidity and/or comprise his state criminal prosecution.  See  Gibson v. Superintendent, 411 F.3d 427, 449 (3d Cir. 2005); Sanchez v. Gonzalez, No. 05-2552, 2005 WL 2007008 *2  (D.N.J.  Aug. 16, 2005).

Crescenzo remains incarcerated as of the filing of this action.  Since a significant period of time has elapsed since the dismissal of Plaintiff's prior § 1983 action, it would appear that the Monroe County criminal prosecution of Crescenzo was successful.   However, the present complaint does not acknowledge that a criminal conviction has occurred.  More importantly, Plaintiff has not demonstrated

that the state criminal charges/conviction challenged herein have been invalidated, expunged or reversed.  Thus, Crescenzo's request for compensatory damages is premature under Heck and Gibson because his present cause of action for monetary damages must be deferred until his underlying state criminal prosecution/conviction is rendered invalid.

If Plaintiff is able to successfully challenge his Monroe County criminal prosecution/conviction, under Heck, he could reassert his claim for damages in a properly filed civil rights complaint.  Since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous.  Wilson, 878 F.2d at 774.  Consequently,

**IT IS HEREBY ORDERED THAT:**

1. The complaint is dismissed without prejudice  as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i).

2. The Clerk of Court is directed to close this case.[4]

---

4 .     The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee.  Until the filing fee is paid in full, the Administrative Order previously issued in this case is binding on the Warden of the Monroe County Prison, as well as the superintendent of any correctional facility to which Plaintiff is transferred.

3. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge